BERNARD'S TOBACCO WAREHOUSE, INC., v. T. E. WILLIS.

(Filed 28 September, 1938.)

APPEAL by plaintiff from *Alley, J.,* at March Term, 1938, of MADISON. Affirmed.

This is a civil action to recover balance alleged to be due for money loaned by plaintiff to the defendant. The plaintiff alleges, and offered evidence tending to show, that during the Tennessee tobacco season, 1936, it loaned to the defendant $4,226.88 to aid the defendant in pur-

chasing tobacco from farmers for resale in plaintiff's warehouses in Greenville, Tennessee, and that the defendant has repaid $2,371.84, leaving a balance due of $1,855.04. The defendant denied the contract as alleged by the plaintiff. He alleged, and offered evidence tending to show, that the plaintiff employed him to solicit farmers to sell their tobacco upon plaintiff's warehouse floor; that plaintiff from time to time advanced to him funds to be used in making loans to farmers so as to tie up their crops, to purchase options thereon, and at times to purchase the crop. He alleged, and offered evidence tending to show, that the difference between the amount advanced to him and the amount repaid was caused by losses on crops purchased by him as agent of the plaintiff at its insistence and direction. He also alleges by way of counterclaim that the amount of his salary was not agreed upon and that his services were reasonably worth the sum of $600.00.

Issues were submitted to and answered by the jury as follows:

"1. Did the plaintiff, from time to time, loan sums of money to the defendant aggregating the sum of $4,226.88, as alleged in the complaint? Ans.: 'Yes, loaned to him $500.00.'

"2. What amount, if any, is the plaintiff entitled to receive of the defendant by reason of such loans? Ans.: 'Yes, $500.00.'

"3. Did the plaintiff and the defendant enter into a contract under the terms of which the plaintiff agreed to pay to the defendant such sums as his services would be reasonably worth, for soliciting and inducing sales of tobacco to the plaintiff during the season of 1936 and 1937, as alleged in the answer? Ans.: 'Yes.'

"4. Did the defendant render such services as agreed? Ans.: 'Yes.'

"5. What amount, if any, is the defendant entitled to recover from the plaintiff by reason of such services? Ans.: '$200.00.' "

From judgment thereon that plaintiff recover the net sum of $300.00 plaintiff appealed.

*Mack E. Ramsey, W. K. McLean, and Conway Maupin for plaintiff, appellant.*
*Roberts & Baley and John H. McElroy for defendant, appellee.*

PER CURIAM. The conflicting evidence in this cause was submitted to the jury under a charge free from material error. The controverted issues of fact have been determined by the jury as required by law. We find no sufficient merit in the exceptive assignments of error to justify a new trial. The judgment below is

Affirmed.